IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 2 8 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02675-LTB

DANIEL CHARLES ANDERSON,

    Applicant,

v.

RAE TIMME, and
JOHN SUTHERS, The Attorney General of the State of [Colorado],

    Respondents.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Applicant, Daniel Charles Anderson, a state prisoner who is in the custody of the Colorado Department of Corrections (DOC), filed a *pro se* motion titled, "Motion to Reinstate Habeas Corpus Petition on Grounds Filing Fee was Pre-Paid at Time of Filing," on December 21, 2010. The Court must construe the motion liberally because Mr. Anderson is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The "Motion to Reinstate Habeas Corpus Petition on Grounds Filing Fee was Pre-Paid at Time of Filing," therefore, will be construed as a Motion to Reconsider and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243

(10th Cir. 1991). Mr. Anderson filed the Motion to Reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). **See** Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Anderson fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Anderson initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on October 25, 2010.

On November 3, 2010, the Court entered an order directing the Clerk of the Court to commence a civil action and denying Mr. Anderson leave to proceed pursuant to 28 U.S.C. § 1915. The Court found that Mr. Anderson did not qualify for leave to proceed pursuant to § 1915 because the certified copy of his inmate account statement demonstrated that he had an available balance of $241.11 in his inmate account as of October 14, 2010. Therefore, the Court found that Mr. Anderson had sufficient funds to pay the $5.00 filing fee. Mr. Anderson was directed to pay the $5.00 filing fee required pursuant to 28 U.S.C. § 1914 within thirty days. He was warned that the action would be dismissed without further notice if he failed to pay the $5.00 filing fee.

On December 13, 2010, the Court entered an order dismissing the action without prejudice on the grounds that Mr. Anderson failed to pay the $5.00 filing fee as directed. The Court further noted that Mr. Anderson had not communicated with the Court since October 25, 2010. Judgement also entered on December 13, 2010.

In the Motion to Reconsider, Mr. Anderson asserts that he submitted a request for a money order to pay the $5.00 filing fee to prison officials on October 19, 2010, and that the $5.00 filing fee was mailed to the Court on October 21, 2010. Mr. Anderson also alleges that he mailed a letter to the Court on November 12, 2010, in which he informed the Court that he had already paid the $5.00 filing fee. Mr. Anderson has attached documents to his Motion to Reconsider which appear to demonstrate that a $5.00 filing fee was mailed to the United States District Court for the District of Colorado on October 21, 2010.

Nonetheless, the Court has inquired with the financial division in the Clerk's Office, and the financial division has no record of receiving a $5.00 filing fee from Mr. Anderson. Moreover, the financial division has no record of returning a $5.00 filing fee to Mr. Anderson during the relevant time period. Further, although Mr. Anderson asserts that he sent a letter on November 12, 2010, to notify the Court that the $5.00 filing fee had been paid, the Court has no record of receiving this letter. It is not clear what has happened to the $5.00 filing fee and November 12 letter that Mr. Anderson alleges he sent to the Court. However, the fact remains that the Court can find no record that the $5.00 filing fee was ever received by the financial division, and therefore, Mr. Anderson failed to pay the $5.00 filing fee within the time provided. Mr.

Anderson is reminded that the instant action was dismissed without prejudice, and he may file a new action if he wants.

Mr. Anderson has not asserted any of the major grounds that would justify reconsideration in his case, and therefore, the Motion to Reconsider will be denied. **See Servants of the Paraclete**, 204 F.3d at 1012. Accordingly, it is

ORDERED that the "Motion to Reinstate Habeas Corpus Petition on Grounds Filing Fee was Pre-Paid at Time of Filing," filed on December 21, 2010, is construed as a Motion to Reconsider pursuant to Federal Rule of Civil Procedure 59(e) and is denied.

DATED at Denver, Colorado, this 28th day of December, 2010.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  10-cv-02675-LTB

Daniel Charles Anderson
Prisoner No.  111055
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999


     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on December 28, 2010.


                                 GREGORY C. LANGHAM, CLERK


                                 By: _____
                                        Deputy Clerk